UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| HENRY CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-537-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLAYTON STAMPER and | ) | **MEMORANDUM OPINION** |
| JEREMY LEE, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendants' Motion for Bill of Costs. [Record No. 34] Through this motion, the Defendants seek costs in the amount of $514.90. On September 28, 2006, the clerk, based on the Defendants' motion, awarded costs in the amount of $514.90. The Plaintiff has filed a response to the motion and the clerk's award of fees, arguing that the Defendants are not entitled to $514.90 inasmuch as it constitutes the costs of two discovery depositions. According to the Plaintiff, depositions taken solely for discovery are not taxed as costs.

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 30, 2005, against the Defendants, alleging that they violated his Fourth Amendment rights. In addition, the Plaintiff asserted state law claims against the Defendants for false imprisonment and emotional distress. The Defendants filed a motion for summary judgment on June 29, 2006, arguing that the claims against them should be dismissed because they were entitled to qualified

immunity. The Court granted to Defendants' motion and entered judgment in their favor on the § 1983 claim. The remaining state law claims were dismissed, without prejudice.

Rule 54(d) of the Federal Rules of Civil Procedure establishes that the prevailing party shall be allowed to recover its costs unless the court directs otherwise. Fed.R.Civ.P. 54(d). Costs that may be taxed are specified in 28 U.S.C. § 1920. The usual procedure is for the clerk of the court to fix the costs, after which a motion may be made for judicial review of the clerk's decision. *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415 (6th Cir. 2005). The Sixth Circuit has held that "there is no question that deposition expenses may be taxed as costs." *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431 (6th Cir. 1998) (unpublished). Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. *Id.* (citing *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

With respect to the deposition of the Plaintiff, the Court finds that the Defendants are entitled to recover their costs. The Defendants used the deposition of the Plaintiff in support of their motion for summary judgment on the issue of qualified immunity. The Defendants were ultimately successful on their summary judgment motion and were awarded judgment in their favor. Because the Plaintiff's deposition was necessary for litigation of this case, the Defendants are entitled to recover their costs for it.

Unlike the deposition of the Plaintiff, the deposition of Michael Campbell was not used by the Defendants in support of the motion for summary judgment. In fact, while it appears that Michael Campbell *may* be related to the Plaintiff in this case, the Court cannot determine from the record his identity inasmuch as he is not mentioned in the parties' pleadings. Given that

Michael Campbell's deposition was not used in support of the Defendants' summary judgment motion, the Court cannot conclude that this deposition was necessary for the litigation. Depositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs. *Baker*, 142 F.3d at 431. Therefore, the Court finds that the Defendants are not entitled to an award of costs for the deposition of Michael Campbell.

Accordingly, it is hereby **ORDERED** that:

1. The Defendants' motion for bill of costs [Record No. 34] is **GRANTED**, in part, and **DENIED**, in part, consistent with the memorandum opinion and order.

2. The Defendants are awarded $391.90 in costs.

This 4th day of October, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge